# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RAHEEM DASHEEN JACKSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CV421-348 |
| TAMMY STOKE, *et al.* | ) ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Raheem Dasheen Jackson has filed this 42 U.S.C. § 1983 case alleging various defects in, what appears to be, an ongoing state-court criminal prosecution. *See* doc. 1 at 5. He seeks "[s]eventy million," presumably dollars, in damages from a Chatham County Recorder's Court judge, and the Mayor and City Manager of Savannah, Georgia. *See id.* at 4, 6. The Court granted Jackson leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 5 & 6. He has also moved for appointed counsel. Doc. 15. As explained below, Jackson's motion for counsel is **DENIED**, and pursuant to the screening required by 28 U.S.C. § 1915A, his Complaint should be **DISMISSED**.

His Motions for Default Judgment should also be **DENIED**, as there is no indication that the Court has personal jurisdiction over any defendant. Docs. 16 & 19.

## I. Motion to Appoint Counsel

Jackson's motion requesting appointed counsel states that he is unable to afford counsel, no attorney will agree to represent him, and that his incarceration will limit his ability to litigate the case. *See* doc. 15 at 1. Jackson has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has

repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As discussed more fully below, Jackson has presented "the essential merits of his position" to the Court. *Id.* While the Court finds that his allegations are not sufficient to sustain his claim, the defects are legal. There is no apparent ambiguity in his Complaint. The facts as presented do not show any "exceptional circumstance" that warrants appointment of counsel. Jackson's motion is, therefore, **DENIED**. Doc. 15.

## II. Screening

Turning to the allegations in Jackson's Complaint, he asserts various procedural defects in his state-court prosecution, specifically related to his right to a "preliminary hearing." *See* doc. 1 at 5. The Court reviews his Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

### A. Defendant Stokes

Jackson names Chatham County Recorder's Court Judge Tammy Stokes as a defendant. *See* doc. 1 at 5. He alleges that Judge Stokes

concluded that he had "waived [his] rights to a preliminary hearing . . . ." *Id.* Judges, including Recorder's Court judges, are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction, *see Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986), and extends to all claims, whether for damages or for injunctive relief, *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000); *see also McMillian v. City of Rockmart*, 653 F.2d 907, 910 (5th Cir. 1981) ("the judge of the recorder's court [has] absolute immunity for [his] official acts"). *Cf. Griffin v. City of Brunswick, Ga.*, 2005 WL 3272461, at * 4 (S.D. Ga. Nov. 30, 2005) (noting that the Georgia Supreme Court has recognized judicial immunity of recorder's court judges (citing *Calhoun v. Little*, 32 S.E. 86 (1898)). Since Jackson's allegations implicating Judge Stokes exclusively involve her exercise of a judicial function, she is immune and the claims against her should be **DISMISSED**.

## B. Claims Related to Prosecution

None of Jackson's allegations even hint at how the remaining defendants, the Mayor and City Manager of Savannah, Georgia are implicated in his prosecution. *See* doc. 1 at 5. The most charitable, albeit strained, interpretation of Jackson's Complaint is that he alleges some kind of malicious prosecution. The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). An essential element of a malicious prosecution claim, however, is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. Jackson does not allege that the criminal case against him has terminated in his favor. *See generally* doc. 1. Moreover, the Supreme Court has explained that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Since Jackson does not allege that the criminal proceedings against him have terminated in his favor or been invalidated, he fails to state a § 1983

claim for damages against any defendant and any such claim should be **DISMISSED**.

Moreover, to the extent that Jackson asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege the same constitutional and procedural violations at issue here in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable'

in the special legal sense of that term."). Thus, these are arguments for the state court. *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").[1] Any claim regarding procedural defects in his criminal proceedings must, therefore, be **DISMISSED**.

### III. Default Judgement

Jackson has also filed two motions for default judgment. Docs. 16 & 19. Jackson contends that defendants "were serve [sic] with a notice of an summons . . . ." Doc. 16 at 1; doc. 19 at 1. The docket, however, does not indicate that Jackson requested or the Clerk issued any

---

[1] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate release, § 1983 affords Jackson no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

summonses in this case.[2] *See generally* docket. Other than Jackson's ambiguous assertion about a "notice of summons," there is nothing in the record to support his allegation of service.

Federal Rule 55 governs default judgments. *See* Fed R. Civ. P. 55. An "entry of default," is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Before default may be entered, among other requirements, the court must have personal jurisdiction over the defendants. *See CNH Capital Am., LLC v. Southeastern Aggregate, Inc.*, 2009 WL 3172353, at *3 (S.D. Ga. Oct. 1, 2009) (citing *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996)). "Serving a summons or filing a waiver of service establishes personal jurisdiction over a[n otherwise proper] defendant . . . ." Fed. R. Civ. P. 4(k). Since no defendant has been served, personal jurisdiction has not been even

---

[2] Given the Court's obligation to screen prisoner complaints, 28 U.S.C. § 1915A, and its obligation to direct service by the United States Marshal or a deputy marshal for plaintiffs proceeding *in forma pauperis*, Fed. R. Civ. P. 4(c)(3), summonses are not proactively issued by the Clerk. *Cf.* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal[,]" and, "[i]f the summons is properly completed, the clerk must sign, seal, and issue is to the plaintiff for service on the defendant.").

arguably established over any defendant. Jackson's Motions for Default Judgment should, therefore, be **DENIED**. Docs. 16 & 19. *See, e.g., Barr v. Giveffect, Inc.*, 2021 WL 2451509, at *3 (N.D. Ga. Apr. 15, 2021) (denying a motion for default judgment because, among other defects, "Plaintiff has not provided an adequate basis for the Court's personal jurisdiction . . . .").

## IV.   Conclusion

Jackson's Complaint should be **DISMISSED**.[3] Defendant Stokes, taking the allegations in the Complaint as true, is absolutely immune from suit. Although it is not clear that the other defendants are immune, Jackson has failed to even suggest, much less sufficiently plead, a claim for damages against either of them. Those claims should, therefore, be **DISMISSED**. To the extent that Jackson alleges constitutional and procedural violations in the ongoing criminal prosecution against him in state court, the Court must abstain from interfering in that proceeding.

---

[3] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within fourteen days of service, *see infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at *2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)).

Any residual claims related to the prosecution should, therefore, also be **DISMISSED**.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects an average monthly balance of $278.85 over the six-month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes a $55.77 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, Plaintiff's custodian (or designee) shall therefore set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 23rd day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA