IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAHEEM DASHEEN JACKSON,

    Plaintiff,

v.

TAMMY STOKE, *et al.*,

    Defendants.

CIVIL ACTION NO.: 4:21-cv-348

**O R D E R**

Before the Court is the Magistrate Judge's May 23, 2022, Report and Recommendation recommending that *pro se* plaintiff Raheem DaSheen Jackson's Complaint be dismissed. (Doc. 23.) Jackson filed objections, (doc. 24), and submitted a proposed Amended Complaint, (doc. 27). Since, as discussed below, Jackson's Amended Complaint supersedes his original Complaint, the Magistrate Judge's analysis of the original Complaint is moot. Accordingly, the Court **DECLINES TO ADOPT**, in part, the Report and Recommendation.[1] See, e.g., 28 U.S.C. § 636 (b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.") However, as explained more fully below,

---

[1] Jackson's Objection, (doc. 24), to the Report and Recommendation is also mooted by his Amended Complaint. The Court notes, however, that the Objection fails to identify any defect in the Magistrate Judge's analysis. Jackson's original Complaint sought "seventy million," in damages based on his allegation that Chatham County Recorder's Court Judge Tammy Stokes violated his rights. (See doc. 1, pp. 5-6; see also doc. 23, p. 1.) Despite his Complaint's clear request for damages, Jackson's Objection states that he is "suing Judge Tammy Stokes for [i]njunctive relief, in her official capacity, for violating [his] constitutional rights." (Doc. 24, p. 1.) Despite that characterization, and the complete lack of any injunctive relief specified in the Objection, he concludes by "pray[ing for] judgment in his favor for [i]njunctive relief and damages in his favor against all defendants in an amount sufficient to compensate [him] for pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of defendant's [sic] but in no event less than $9,999,000 . . . ." (Id., p. 5.) Jackson's Objection is also silent as to the Magistrate Judge's determination that the original Complaint does not "even hint at how . . . the Mayor and City Manager of Savannah, Georgia are implicated in his prosecution." (Doc. 23, p. 6; see also doc. 24.) Since those defendants are omitted from Jackson's Amended Complaint, (see generally doc. 27), the Court infers his concession that he stated no claim against either of them.

Jackson's Amended Complaint, (doc. 27), fails to state a claim upon which relief may be granted and seeks monetary relief from an individual who is immune from such relief. *See* 28 U.S.C. § 1915A(b). It is, therefore, **DISMISSED**. Jackson did not object to the Magistrate Judge's recommendation that his motions for default judgment be denied.[2] (See doc. 23 at 8-10; see also doc. 24.) Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, in part. (Doc. 23.) Jackson's Motions for Default Judgement are **DENIED**. (Docs. 16 & 19.)

Jackson has submitted a "Second Amended Complaint," which appears to be a first Amended Complaint. As he has not amended his Complaint before, Jackson is permitted to amend as a matter of right. See Fed. R. Civ. P. 15(a)(1); see also, e.g., Shaw v. Allen, 701 F. App'x 891, 894 (11th Cir. 2017) ("We have held that the district court lacks the discretion to deny an amendment as futile when the party has the right to amend as a matter of course under Rule 15(a)(1).") "An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer part of the pleader's averments against his adversary." Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted). Despite the amendment, however, Jackson still seeks monetary relief from an immune defendant and Younger abstention prevents the Court from hearing any claim concerning the propriety of the proceedings in his ongoing state criminal case.

Jackson's Amended Complaint alleges that Judge Stokes violated his constitutional rights by concluding that he had waived his right to a preliminary hearing and committing him to custody, apparently of the Chatham County Sheriff. (See doc. 27, p. 1.) He contends that, although a

---

[2] Jackson's Objection is not signed. (See doc. 24 at 5.) The Clerk notified him of the defect, (doc. 25), and he took no action to correct it. Because Jackson's Amended Complaint renders his objections to the analysis of his original Complaint moot, and he does not object to the Magistrate Judge's recommendation concerning his Motions for Default Judgment, the defect in his Objection is moot.

2

preliminary hearing is not guaranteed by the United States Constitution, the denial of a state statutory right deprived him of liberty and violated his due process and equal protection rights. (Id.)  He also contends that he is "not asking the courts to interfer[e] with the on going criminal prosecution," but is seeking unspecified injunctive relief against Judge Stokes, "in her official capacity," for those alleged violations.  (Id., p. 2.)  Despite his talismanic assertion that he seeks "injunctive relief," he requests "judgment in his favor . . . in an amount sufficient to compensate him for pain and mental anguish suffered by him . . . but in no event less than $9,999,000 . . . ." (Id.)

Despite Jackson's attempts to alter the language of his original Complaint, it is clear that his Amended Complaint is substantially identical.  The principal relief he seeks is a judgment for monetary damages against Judge Stokes.  As the Magistrate Judge previously explained, however, "[j]udges, including Recorder's Court judges, are generally immune from suit unless they act in the 'clear absence of all jurisdiction.'"  (Doc. 23, p. 5 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).)  As the Magistrate Judge also explained, judicial immunity "extends to all claims, whether for damages or for injunctive relief."  (Id. (citing Bolin v. Story, 225 F.3d 1234, 1239-42 (11th Cir. 2000); McMillian v. City of Rockmart, 653 F.2d 907, 910 (5th Cir. 1981) ("[T]he judge of the recorder's court [has] absolute immunity for [his] official acts.")).) Judge Stokes, therefore, enjoys the same immunity against the claims Jackson asserts in his Amended Complaint as she enjoyed against the claims asserted in his original Complaint.  His Amended Complaint is, therefore, **DISMISSED**.[3]

In summary, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, in part, to the extent that it recommends that Jackson's Motions for Default Judgment be denied.

---

[3] The Court takes Jackson at his word that he is not seeking any relief that would interfere in his ongoing prosecution in a state court.  (See doc. 24, p. 2.)  To the extent that his requests for "injunctive relief" are entirely unspecified,

(Doc. 23.)  Those motions are, therefore, **DENIED**.  (Docs. 16 & 19.)  The Court **DECLINES TO ADOPT** the Report and Recommendation, in part, as moot, to the extent that it recommends that Jackson's original Complaint be dismissed.  (Doc. 23.)  Since Jackson's Amended Complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief, see 28 U.S.C. § 1915A, his Amended Complaint is **DISMISSED**, (doc. 27).  All pending motions are, therefore, **DISMISSED** as moot.  (Docs. 8, 9, 10, 20, 21 & 26).  The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 28th day of July, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

however, the Court notes that if the injunctive relief sought would implicate that prosecution, the Court would be required to abstain from hearing any such claim, pursuant to Younger v. Harris, 401 U.S. 37 (1971).  As the Magistrate Judge explained, Jackson remains free to assert any constitutional or procedural defect in his state criminal proceedings.  (Doc. 23, pp. 7-8 (citing Heck v. Humphrey, 512 U.S. 477, 487 n. 8 (1994)("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").)